UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                         Case No. 1:23-cr-87-6

v.

                                         HON. JANE M. BECKERING

JORREL TYLER JACKSON,

     Defendant.
_____/

## <u>OPINION AND ORDER</u>

Now pending before the Court is Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 387). For the following reasons, the Court denies the motion.[1]

### I.  BACKGROUND

Defendant pleaded guilty to conspiracy to commit wire fraud (Pre-Sentence Report [PSR, ECF No. 178, filed under restricted access] ¶ 4).  Defendant's total offense level was 28 (*id*. ¶ 168) and his criminal history category was III, based on a criminal history score of five (*id*. ¶ 175).  His advisory guidelines range was 97 to 121 months (*id*. ¶ 216).  On April 25, 2024, this Court sentenced Defendant to 78 months' imprisonment to be followed by a 3-year term of supervised release (Minutes, ECF No. 213; Judgment of Sentence, ECF No. 214).

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)."  FED. R. CRIM. P. 43(b)(4).

In August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect.  On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective.  Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A.  United States Sentencing Guideline (U.S.S.G.) § 4A1.1.  Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  U.S.S.G. § 4C1.1.

Defendant filed the motion at bar on March 30, 2026, seeking application of Amendment 821 to the Court's Judgment of Sentence.  On April 27, 2026, the government filed a response in opposition to Defendant's motion (ECF No. 390).

## II.  ANALYSIS

### A.  Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c) establishes a "two-step inquiry."  *United States v. Jones*, 980 F.3d1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).  First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

2

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra.* The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

### B. Discussion

Defendant's motion purportedly implicates Part B of Amendment 821. Defendant claims that he qualifies for, and requests, a "Two Level Reduction" under Amendment 821 (ECF No. 387 at PageID.2968). The government argues that Defendant is ineligible for the reduction for two reasons (ECF No. 390 at PageID.2975). First, his prior criminal convictions disqualify Defendant

as a "zero-point offender" under USSG § 4C1.1(a)(1) (*id*.).  Second, Defendant is ineligible under USSG § 4C1.1(a)(6) due to the substantial financial hardship he caused to some of the victims in this case (*id*.).

Defendant's motion is properly denied.

United States Sentencing Guideline § 4C1.1 governs adjustment for certain zero-point offenders and provides for a two-level adjustment if a defendant "meets all of the following criteria":

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

Here, Defendant had five properly calculated criminal history points.  He fails to qualify as a "zero-point offender" under USSG § 4C1.1(a)(1).  The Court finds that Defendant's guideline range would not be lowered as a result of the amendment to the guidelines—which the Court notes was in already effect at the time of Defendant's April 25, 2024 sentencing.  It's simply inapplicable to his case.  Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.  Accordingly:

**IT IS HEREBY ORDERED** that Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 387) is DENIED.

Dated: April 28, 2026                                          /s/ Jane M. Beckering
                                                                        JANE M. BECKERING
                                                                        United States District Judge